### UNITED STATES  DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**LAVON L. SELLERS**                                          **CIVIL ACTION**

**VERSUS**                                                    **NO.  09-6271**

**WARDEN STEVE RADER, ET AL**                                **SECTION "R"(4)**

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

## I.    Factual and State Procedural Background

The petitioner, Lavon L. Sellers ("Sellers"), is a convicted inmate incarcerated in the Dixon Correctional Institute in Jackson, Louisiana.[2] On August 4, 2003, Sellers was charged in two bills of information in Plaquemines Parish under Case No. 03-2512 and Case No. 03-2513.[3]

---

[1]Under 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 1 of 5, Bill of Information, No. 03-2512, 8/4/03; St. Rec. Vol. 2 of 5, Bill of Information, No. 03-2513, 8/4/03.

In the first case, No. 03-2512, Sellers and co-defendant, Jimmy L. Brooks, were charged in count one with carjacking of Joe E. Green, in count three with the attempted armed robbery of Joe E. Green, and in count four with the aggravated battery of Joe E. Green.[4]  Sellers also was charged in count two with the carjacking of Janel Riley.

In the second case, No. 03-2513, Sellers was charged in count one with the armed robbery of Roland A. Pollan, in count two with the armed robbery of Valentine Sanchez, and in count three with the aggravated battery of Valentine Sanchez.[5]

On August 25, 2003, Sellers was arraigned in both cases, and he entered a plea of not guilty to all of the charges.[6]  Later, on March 3, 2004, Sellers withdrew his former pleas and entered a plea of guilty to each count in both cases pursuant to a plea agreement with the prosecution.[7]

The Trial Court sentenced Sellers on August 25, 2004, in Case No. 03-2512 to serve 20 years on each of counts one and two (carjacking), 30 years on count three (attempted armed robbery), and 10 years on count four (aggravated battery).[8]  The sentences were to run concurrently with each other and with those imposed in Case No. 03-2513.  The sentences also were to be served without benefit of parole, probation, or suspension of sentence.

---

[4]St. Rec. Vol. 1 of 5, Bill of Information, No. 03-2512, 8/4/03.

[5]St. Rec. Vol. 2 of 5, Bill of Information, No. 03-2513, 8/4/03.

[6]St. Rec. Vol. 1 of 5, Minutes Entry, 8/25/03.

[7]St. Rec. Vol. 1 of 5, Plea Minutes, 3/3/04; Waiver of Constitutional Rights Plea of Guilty, No. 03-2512, 3/3/04; St. Rec. Vol. 2 of 5, Waiver of Constitutional Rights Plea of Guilty, No. 03-2513, 3/3/04; St. Rec. Vol. 4 of 5, Plea Transcript, 3/3/04.

[8]St. Rec. Vol. 2 of 5, Sentencing Minutes, 8/25/04; St. Rec. Vol. 4 of 5, Sentencing Transcript, 8/25/04.

The Trial Court also sentenced Sellers in Case No. 03-2512 to serve 30 years on each of counts one and two (armed robbery) and 10 years on count three (aggravated battery).[9]   The sentences were to run concurrently with each other and with those imposed in Case No. 03-2512. The sentences also were to be served without benefit of parole, probation, or suspension of sentence.

On the consolidated direct appeals, Sellers's appointed counsel argued that trial counsel gave ineffective assistance where he failed to move to withdraw the guilty pleas prior to the sentencing.[10] On April 20, 2005, in its review for errors patent, the Louisiana Fourth Circuit Court of Appeal held that count three of the bill of information in Case No. 03-2512 failed to properly charge Sellers's with attempted armed robbery.[11]   Based on the error, the conviction on that count was reversed, and the sentence for that count was vacated.  The Court went on to affirm the other convictions and sentences finding no merit in the ineffective assistance of counsel claim.

On January 27, 2006, the Louisiana Supreme Court denied Sellers's timely writ application without stated reasons.[12]   Sellers's conviction became final 90 days later, on April 27, 2006, when he did not file a writ of certiorari with the United States Supreme Court.  *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. S. Ct. Rule 13(1).

---

[9]St. Rec. Vol. 2 of 5, Sentencing Minutes, 8/25/04; St. Rec. Vol. 4 of 5, Sentencing Transcript, 8/25/04.

[10]St. Rec. Vol. 4 of 5, Appeal Brief, 2004-KA-1923, 12/6/04.

[11]*State v. Sellers*, 902 So.2d 418, 421 (4th Cir. 2005); St. Rec. Vol. 4 of 5, 4th Cir. Opinion, 2004-KA-1922, pp. 5-6, 4/20/05.

[12]*State v. Sellers*, 922 So.2d 546 (La. 2006); St. Rec. Vol. 1 of 5, La. S. Ct. Order, 2005-KO-1585, 1/27/06; La. S. Ct. Letter, 2005-KO-1585, 6/15/05 (showing postal meter of 5/17/05).  The State failed to provide a copy of the writ application itself.

Fifteen months later, on July 27, 2007, Sellers submitted an application for post-conviction relief to the Trial Court, which was allotted as Case No. 07-3525 and in which he alleged that he received ineffective assistance of counsel during crucial proceedings concerning the insanity issue.[9] At a hearing held January 22, 2008, the Trial Court denied Sellers's application finding it to be untimely filed.[10]

In denying Seller's related writ application on April 1, 2008, the Louisiana Fourth Circuit vacated the Trial Court's finding that the application was untimely.[11]  The Court, instead, reviewed Sellers's claims and determined that Sellers's was not entitled to relief.   The Louisiana Supreme Court also denied Sellers's writ application without stated reasons on February 6, 2009.[12]

## II.   The Federal Petition

On August 14, 2009, the Clerk of the United States District Court for the Middle District of Louisiana filed Sellers's petition for federal habeas corpus relief, in which he raised two grounds for relief:[13] (1) ineffective assistance of counsel on the insanity issue; and (2) "the insanity issue."[14] The State filed a response in opposition to Sellers's  petition alleging that the petition was not timely filed and, alternatively, the claims are without merit.[15]

---

[9]St. Rec. Vol. 3 of 5, Uniform Application for Post-Conviction Relief, 8/30/07 (dated 7/27/07).

[10]St. Rec. Vol. 3 of 5, Trial Court Order, 1/22/08; Minute Entry, 1/9/08.

[11]St. Rec. Vol. 3 of 5, 4th Cir. Order, 2008-K-0271, 4/01/08.  The State failed to provide a copy of the writ application itself.

[12]*State ex rel. Sellers v. State*, 999 So.2d 773 (La. 2009); St. Rec. Vol. 1 of 5, La. S. Ct. Order, 2008-KH-1048, 2/6/09; La. S. Ct. Letter, 2008-KH-1048, 5/15/08 (showing postal meter of 5/2/08).

[13]Rec. Doc. No. 1.

[14]The case was transferred to this Court on September 15, 2009.  Rec. Doc. Nos. 2, 3.

[15]Rec. Doc. No. 15.

## III.   Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[16] applies to this petition, which is deemed filed in this Court under the federal mailbox rule on July 19, 2009.[17]   The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c) (2006)).

In this case, the State alleges that Sellers's petition is not timely filed.  The Court agrees and will address this defense.

## IV.   Statute of Limitations

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[18]   *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001).  Sellers's conviction

---

[16]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[17]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of court filed Sellers's petition on August 14, 2009, when it was received from the United States District Court for the Middle District of Louisiana.  he paid the filing fee.  Sellers's signature on the memorandum submitted with the petition is dated July 19, 2009.  This is the earliest date on which he could have submitted the pleadings to prison officials for mailing.

[18]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
A.         the date on which the judgment became final by the conclusion of direct review or the

was final on April 27, 2006.  Under the plain language of § 2244, Sellers's had until April 27, 2007, to file a timely application for federal habeas corpus relief and he failed to do so.  Thus, literal application of the statute would bar Sellers's § 2254 petition as of that date unless he is entitled to tolling as provided for by the AEDPA.

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.  *See* 28 U.S.C. § 2244(d)(2) (2006).  In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing.  *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-07 n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999).  For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings.  *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).

---

expiration of the time for seeking such review;
B.      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C.      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
D.      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (2006).

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes "until further appellate review is unavailable under ]Louisiana's] procedures.") (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey v. Saffold*, 536 U.S. 122 (2002) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005). Requests for documents and transcript copies are not other collateral review for purposes of the tolling calculation. *Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523, at *2 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); *Brown v. Cain*, 112 F. Supp.2d 585, 587 (E.D. La. 2000), *aff'd*, 239 F.3d 365 (5th Cir. 2000); *Gerrets v. Futrell*, No. 01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002) (Vance, J.); *Jones v. Johnson*, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); *Grayson v. Grayson*, 185 F. Supp.2d 747, 751-52 (E.D. Mich. Jan.

3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling); *Cf. Gonzales v. Wilkinson*, 269 Fed. Appx. 481, 484-86 (5th Cir. Mar. 12, 2008) (delay in receiving transcript copies does not warrant statutory or equitable tolling where motion based on the transcript was not timely or properly filed under state law).

In Sellers's case, the AEDPA filing period began to run on April 28, 2006, the day after his conviction was final.  The period ran uninterrupted for 365 days until April 27, 2007, when it expired.  Sellers had no properly filed state application for post-conviction or other collateral review during that time.

Sellers's next and only such filing was the application for post-conviction relief he submitted to the Trial Court on July 27, 2007.  This filing was made 90 days after the AEDPA had already expired.  Pleadings filed in the state courts after expiration of the AEDPA filing period do not provide any tolling benefit.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus.  *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).  Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  *Pace*, 544 U.S. at 418-19; *Cousin*, 310 F.3d at 848.

In this case, Sellers has not provided, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling.

Sellers's federal petition is deemed filed on July 19, 2009, which is over two years after the AEDPA filing period expired on April 27, 2007.  Sellers's federal petition must be dismissed as untimely.

## V.   Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Lavon L. Sellers's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[19]

New Orleans, Louisiana, this 25th day of February, 2011.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[19]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.